UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| ISAIAH GADSON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | 2:17-cv-00006-JDL |
| v. | ) | |
| | ) | |
| LIEUTENANT FELDMAN, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff Isaiah Gadson, an inmate confined in the Androscoggin County Jail, alleges Defendants violated his federal rights when he was denied participation in general equivalency diploma (GED) classes.

Plaintiff filed an application to proceed in forma pauperis (ECF No. 3), which application the Court granted. (ECF No. 4.)  In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).  Additionally, Plaintiff's complaint is subject to screening "before docketing, if feasible or … as soon as practicable after docketing," because he is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).

Following a review of Plaintiff's complaint, I recommend the Court dismiss the complaint.

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, Plaintiff's complaint is subject to screening under the Prison Litigation Reform Act because Plaintiff currently is incarcerated and seeks redress from governmental entities and officers. *See* 28 U.S.C. § 1915A(a), (c). The § 1915A screening requires courts to "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto*

2

to render plaintiffs' entitlement to relief plausible.'" *Rodríguez–Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14). Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations that merely parrot the relevant legal standard," *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

## BACKGROUND FACTS[1]

Plaintiff alleges he was incorrectly classified on intake as having earned his GED and, as a consequence, Defendants will not permit Plaintiff to participate in an educational program that will enable him to obtain his GED. According to Plaintiff, he filed grievances to change his intake records, but Defendants Farrington (a classification officer) and Feldman (a lieutenant) denied him relief. Plaintiff also asserts he attempted to file a grievance with the captain, but Defendant Feldman denied Plaintiff the ability to appeal to the captain, and threatened discipline if he continued to complain.

Plaintiff alleges Defendants "blatantly violated [his] constitutional rights to due process by denying me the right to file a complaint/grievance, also to use the 'chain of command,' and most of all, denied me the right to an education." (Complaint at 5.)

---

[1] The facts set forth herein are derived from Plaintiff's complaint.

Plaintiff further complains his due process rights were violated because Defendants Farrington and Feldman, rather than a third party, decided the grievances directed against them. (*Id.* at 6.)

## DISCUSSION

Contrary to Plaintiff's allegations, a prisoner does not have a constitutional right to a particular prison grievance procedure, or even to file a prison grievance; rather, the Due Process Clause entitles prisoners to predeprivation process whenever the state subjects them to an "atypical and significant hardship … in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *see also Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) ("[T]he prisoner's right to petition the government for redress is the right of access to the courts, which is not compromised by the prison's refusal to entertain his grievance."); *Charriez v. Sec'y, Florida Dep't of Corr.*, 596 F. App'x 890, 895 (11th Cir. 2015) (unpublished) ("Because the prison grievance procedure does not create a protected liberty interest, Charriez does not have a federal constitutional right within that administrative-grievance procedure."); *Von Hallcy v. Clements*, 519 F. App'x 521, 523 (10th Cir. 2013) (unpublished) ("Von Hallcy cannot state a due process claim based on allegations of an ineffective grievance reporting system."); *Brown v. Graham*, 470 F. App'x 11, 13 (2d Cir. 2012) ("Brown's argument that he has a federally-protected liberty interest in the state's compliance with its own prison grievance procedures is meritless."); *Butler v. Brown,* 58 F. App'x 712 (9th Cir. 2003) ("[A] prisoner has no constitutional right to prison grievance procedures."); *Young v. Gundy,* 30 F. App'x 568, 569 – 70 (6th Cir. 2002) (unpublished) ("[T]here is no inherent constitutional right to an

4

effective prison grievance procedure."). Because prison grievance procedures are not mandated or governed by the Constitution or other federal law, Plaintiff has not and cannot assert an actionable federal claim based on Defendants' administration of the grievance process.

Plaintiff's claim regarding Defendants' alleged denial of his request to participate in a GED program also fails. Plaintiff does not have a constitutional right to rehabilitation or any particular educational programming. *Rhodes v. Chapman*, 452 U.S. 337, 348 (1981) (denial of educational services is not punishment for Eighth Amendment purposes); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976) (no due process guarantee with respect to discretionary decisions related to "prisoner classification and eligibility for rehabilitative programs"); *Fiallo v. De Batista*, 666 F.2d 729, 730 (1st Cir. 1981) ("We are unaware of any authority for the proposition that a prison inmate has a federal constitutional right to rehabilitation. Indeed, all indications appear to be to the contrary."); *Lovell v. Brennan*, 566 F. Supp. 672, 689 (D. Me. 1983), *aff'd,* 728 F.2d 560 (1st Cir. 1984) ("[T]he courts have not recognized a constitutional right to rehabilitation for prisoners."). Plaintiff, therefore, has not asserted a federal claim based on his inability to participate in the GED program.[2]

## CONCLUSION

Based on the foregoing analysis, after a review pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A(a), I recommend the Court dismiss Plaintiff's complaint.

---

[2] This recommended decision does not address whether Plaintiff has asserted a basis for relief in state court.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of February, 2017.